UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DULCE SANTOS,

                                 Plaintiff,

                 -against-

UNITED STATES OF AMERICA,

                               Defendant.

-----------------------------------------------------------------X

24-CV-9887 (VF)

**OPINION & ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Plaintiff Dulce Santos ("Plaintiff") commenced this action on December 23, 2024, against the United States of America (the "Government"), asserting a claim for negligence pursuant to the Federal Tort Claims Act ("FTCA") under 28 U.S.C. § 1346(b) for failing to properly maintain a sidewalk on which Plaintiff fell on December 26, 2021. ECF No. 1. Pending before the Court is the Government's motion to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. For the reasons set forth below, the Government's motion is **GRANTED** and Plaintiff's complaint is dismissed without prejudice.

<b>FACTUAL AND PROCEDURAL BACKGROUND</b>

On December 26, 2021, Plaintiff tripped and fell on a "raised," "broken," or "missing" portion of a sidewalk (ECF No. 1 at ¶¶ 10-12) that was appurtenant to "a United States Federal Office Building located at 1771 Andrews Avenue" in the Bronx (id. at ¶ 2). As a result of the fall, Plaintiff "sustained serious injuries in her shoulder." Id. at ¶ 34. On December 19, 2023, Plaintiff "submitted an administrative claim for her December 26, 2021 injury" to the United

1

States Department of Justice, Federal Torts Claim Act Section. <u>Id.</u> at ¶ 5. To date, the Government has not issued a denial of Plaintiff's administrative claim. <u>Id.</u> at ¶ 6.

Plaintiff filed this lawsuit on December 23, 2024, alleging that the Government and/or its "agents" failed to properly maintain the sidewalk, thereby causing the unsafe condition that led to Plaintiff's fall. <u>Id.</u> at ¶¶ 15, 22-23, 26-28. Plaintiff further alleges that the Government had actual or constructive notice of the defective condition on the sidewalk but failed to repair the condition. <u>Id.</u> at ¶¶ 24-25, 29-30.

The Government moved to dismiss the complaint on June 30, 2025, for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). ECF No. 27. Plaintiff opposed the Government's motion on August 5, 2025. ECF No. 32. The Government filed a reply in support of its motion on August 15, 2025. ECF No. 35.

## LEGAL STANDARD

A. <u>Subject-Matter Jurisdiction</u>

"'Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" <u>Morrison v. Nat'l Austl. Bank Ltd.</u>, 547 F.3d 167, 170 (2d Cir. 2008). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). While the Court must accept as true all factual allegations in the complaint, <u>Morrison</u>, 547 F.3d at 170 (citation omitted), the Court may not draw any jurisdictional inferences in favor of the plaintiff. <u>Fraser v. United States</u>, 490 F. Supp. 2d 302, 307 (E.D.N.Y. 2007) (citing <u>Shipping Fin. Servs. Corp. v. Drakos</u>, 140 F.3d 129, 131 (2d Cir. 1998)). "Jurisdiction must be shown affirmatively, and that

showing is not made by drawing from the pleadings inferences favorable to the party asserting it." APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (internal quotation marks and citation omitted). Thus, in resolving a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a district court may consider evidence outside the pleadings. Morrison, 547 F.3d at 170. Such evidence outside the pleadings includes "sworn affidavits, correspondence between the parties, contracts, or other relevant documents[.]" King Cnty., Wash. v. IKB Deutsche Industriebank AG, 712 F. Supp. 2d 104, 112 (S.D.N.Y. 2010). "The consideration of materials extrinsic to the pleadings does not convert the Rule 12(b)(1) motion into one for summary judgment." Bentley v. Wellpoint Co., Inc., No. 11-CV-8963 (CM), 2012 WL 546991, at *2 (S.D.N.Y. Feb. 17, 2012) (internal alteration and citation omitted).

B.  The Federal Torts Claims Act

The FTCA establishes that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Makarova, 201 F.3d at 113 (quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)) (alterations in original). Because "[t]he doctrine of sovereign immunity is jurisdictional in nature . . . to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." Id. (internal quotation marks and citations omitted). Additionally, "[b]ecause the FTCA creates a waiver of sovereign immunity, it is strictly construed and all ambiguities are resolved in favor of the United States." Fraser, 490 F. Supp. 2d at 308 (citation omitted).

The FTCA provides a limited waiver of the Government's sovereign immunity for claims "for injury or loss of property, or personal injury or death caused by the negligence or wrongful act or omission of any employee of the [G]overnment while acting within the scope of his office

or employment." 28 U.S.C. § 1346(b); see also Leone v. United States, 910 F.2d 46, 48-49 (2d Cir. 1990). For the Government to be liable under the FTCA, a federal employee must be found to be both negligent and acting within the scope of his duties. See 28 U.S.C. § 1346(b); see also Squicciarini v. United States, No. 12-CV-2386 (ER), 2013 WL 620190, at *3 (S.D.N.Y. Feb. 15, 2013). The FTCA defines government "employees" as any "officers or employees of any federal agency, . . . and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671. The definition of "employee of the Government" specifically excludes "any contractor with the United States." 28 U.S.C. § 2671. "Thus, as a general rule, sovereign immunity precludes suits against the United States for injuries caused by its independent contractors." Roditis v. United States, 122 F.3d 108, 111 (2d Cir. 1997) (per curiam); see also Carter v. United States, No. 96-CV-9139 (MBM), 1998 WL 744009, at *2 (S.D.N.Y. Oct. 26, 1998) ("It is well established that the federal government is not liable for the negligence of independent contractors.").

"In evaluating the nature of the relationship between the Government and an entity for purposes of the FTCA, the Court focuses on the terms of the contract between them." Hentnik v. United States, No. 02-CV-9498 (DC), 2003 WL 22928648, at *4 (S.D.N.Y. Dec. 10, 2003). "Specifically, there are two primary factors that distinguish an agent from an independent contractor[:] (1) the power of the [f]ederal Government to control the detailed physical performance of the contractor and (2) whether the Government supervises the day-to-day operations of the contractor." Moreno v. United States, 965 F. Supp. 521, 525 (S.D.N.Y. 1997) (citations and internal quotations omitted). "Where the Government has no contractual right to control the contractors' physical performance or supervise its day-to-day operations, but instead reserves the right to inspect the contractors' performance only to ensure compliance with the

terms of the contract, the Government cannot be held liable for the acts of its independent contractors." Hentnik, 2003 WL 22928648, at *4; see also Roditis, 122 F.3d at 111 ("[G]overnment's retention of a right to inspect . . . does not convert a contractor into a federal employee."); Lipka v. United States, 369 F.2d 288, 291 (2d Cir. 1966) (noting that "[g]eneral direction from Government does not confer jurisdiction").

## DISCUSSION

The Government argues that Plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction because responsibility for maintenance of the building and sidewalk at 1771 Andrews Avenue was delegated by the Government to an independent contractor, Management and Training Corporation ("MTC"). ECF No. 30 at 5. In her opposition, Plaintiff concedes that "sovereign immunity is not waived for claims arising from the negligence of the Government's independent contractors." ECF No. 32 at 4; see also id. at 1 ("Plaintiff agrees that the [independent] contractor is indeed liable."); id. at 2 ("[The Government] contracted with [MTC] to operate, manage, and maintain [1771 Andrews Avenue]."). Plaintiff instead argues that the Government was "negligent in not approving that [sidewalk repair] expenditure during the nine months" between when it received notice of the sidewalk issue and Plaintiff's accident (id. at 2), and that the Government "had a nondelegable duty as owner of [1771 Andrews Avenue] to maintain the sidewalk" (id. at 5). In the alternative, Plaintiff requests leave to amend "to amplify her claims of negligence by [Government] employees" if Plaintiff's complaint is dismissed. Id. at 6. As explained herein, because responsibility for repair and maintenance of the sidewalk was delegated by the Government to an independent contractor, Plaintiff's claim falls outside the scope of the FTCA's waiver of sovereign immunity and thus the Court lacks subject-matter jurisdiction.

The Government provides a sworn declaration from Jillian Matz ("Matz"), the Senior Director of Job Corps Acquisition Services in Washington, D.C. See ECF No. 29. In the declaration, Matz states that "the building at 1771 Andrews Avenue . . . houses the Bronx Jobs Corps Center." Id. at ¶ 3.[1] Matz avers that "many Jobs Corps centers . . . are operated by independent contractors," including the Center at 1771 Andrew Avenue. Id. at ¶ 4. Matz explains that although the Government "owns" the building at 1771 Andrews Avenue, "it contracted with [MTC] to operate, manage, and maintain the Bronx Jobs Corps Center at the site." Id. at ¶ 5. MTC was awarded the contract for 1771 Andrews Avenue on February 28, 2018, and the contract between the Government and MTC was extended from March 1, 2018, through at least March 31, 2022, before expiring on September 30, 2023. Id. at ¶ 7. According to Matz, the Government "supervised the administration of the contract" but "did not exercise any type of detailed day-to-day control over MTC and its employees." Id. at ¶ 24.

Pursuant to the contract with MTC, MTC was obligated to provide "'material, services, and all necessary personnel to operate' the Bronx Job Corps Center and to '[c]onduct program operations in a setting that is clean, well maintained, and safe.'" Id. at ¶ 9 (quoting ECF No. 29-1 at 10).[2] The contract requires MTC to "establish and maintain a system for facilities maintenance in order to provide a safe and clean environment for students and staff." Id. at ¶ 12 (quoting ECF No. 29-1 at 23). The contract incorporates by reference the Jobs Corps Policy and Requirements Handbook, which contains "all mandatory program operations and reporting requirements[.]" Id.

---

[1] Although Plaintiff in her complaint alleged that 1771 Andrews Avenue is a "post office facility" (ECF No. 1 at ¶ 11), she concedes in her opposition to the Government's motion that it is a Job Corps Center (see, e.g., ECF No. 32 at 1).

[2] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the ECF-generated pagination in the cited document.

at ¶ 10. The Handbook states that contractors must "maintain all buildings, grounds, roads, sidewalks, and equipment for which the center is responsible by implementing a center maintenance program[.]" ECF No. 29 at ¶ 14 (quoting ECF No. 29-2 at 415, 473) (emphasis in original removed). It further states that "Center Operators must maintain all buildings, grounds, roads, sidewalks, and equipment for which the center is responsible," including by establishing "[p]rocedures for obtaining assistance to handle specialized emergency problems beyond the scope and/or expertise of maintenance personnel." ECF No. 29-2 at 474. Finally, the contract with MTC incorporated Clause 52.228-7, which required MTC to provide and maintain liability insurance for bodily injury. ECF No. 30 at 13.

The Government has established that it did not waive sovereign immunity for maintenance of the sidewalk at 1771 Andrews Avenue. The plain language of the agreement with MTC makes clear that the Government delegated full responsibility for maintenance of the premises at 1771 Andrews Avenue, including the sidewalk, to MTC. In that regard, the agreement specifically incorporates the Job Corps Handbook, which states that MTC is responsible for maintaining "all buildings, grounds, roads, sidewalks, and equipment for which the center is responsible." ECF No. 29-2 at 415, 473; see also Crumpton v. Bridgeport Educ. Ass'n, 993 F.2d 1023, 1028 (2d Cir. 1993) ("[D]ocuments incorporated by reference . . . become an intrinsic part of the contract."); Brown v. United States, No. 10-CV-7758 (SAS), 2011 WL 1676327, at *1 (S.D.N.Y. May 3, 2011) (noting that government's contract with independent contractor "incorporated [the Jobs Corps Handbook] by reference into the [c]ontract"). Additionally, the agreement provides that MTC is responsible for establishing and maintaining "a system for facilities maintenance in order to provide a safe and clean environment for students and staff." ECF No. 29 at ¶ 12 (quoting ECF No. 29-1 at 23). The contract also required MTC to

7

provide "material, services, and all necessary personnel to operate" the Job Corps Center. Id. at ¶ 9 (quoting ECF No. 29-1 at 10).

Moreover, there is no dispute that MTC is an independent contractor. As Matz explains, the Government "supervised the administration of the contract," but the Government did not exercise "detailed day-to-day control over MTC and its employees." Id. at ¶ 24. And the contract, as discussed above, gave MTC day-to-day control over the maintenance and operation of the Job Corps Center. See Hentnik, 2003 WL 22928648, at *5 (concluding that entity was independent contractor based on agreement that made entity "responsible for day-to-day supervision" and did not give Government the power to supervise or control entity's physical performance). Although the Government has the right to "[i]nspect[ ]" and "accept[ ]" work by MTC (ECF No. 29-1 at 27), that "general oversight" authority is not enough "to hold the Government liable for the work of independent contractors," like MTC. Brown, 2011 WL 1676327, at *3; see also Fisko v. U.S. Gen. Servs. Admin., 395 F. Supp. 2d 57, 62 (S.D.N.Y. 2005) (explaining that "[t]he retention of a right to inspect the progress of a contractor's project or the reservation of broad supervisory powers to control a contractor's compliance with the contract's specifications does not establish the agency relationship necessary for FTCA jurisdiction over the Government").

This case is indistinguishable from Brown v. United States, which involved an FTCA claim for a trip and fall at the same Job Corps Center at 1771 Andrews Avenue. See 2011 WL 1676327, at *1. The plaintiff in Brown fell in the building's stairwell and subsequently sued the Government for negligence. Id. The court held that the Government had not waived its sovereign immunity, because it had contracted with an independent contractor, ResCare, to maintain the property. Id. at *3. The contract in Brown contained nearly identical language to the contract

between the Government and MTC here. Like the contract here, the contract in <u>Brown</u> required ResCare to "establish and maintain a system for facilities maintenance in order to provide a safe and clean environment for students." <u>Id.</u> at *1; ECF No. 29-1 at 23. And the contract in <u>Brown</u> also incorporated the Job Corps Handbook, which required ResCare to maintain the "buildings, grounds, roads, sidewalks, and equipment for which the center is responsible by implementing a center maintenance program." <u>Brown</u>, 2011 WL 1676327, at *1; ECF No. 29-2 at 415, 473.

Relying on those contractual provisions, the court in <u>Brown</u> concluded that the Government had not waived its sovereign immunity, and could not be sued under the FTCA, because it had delegated responsibility to maintain the stairwell to an independent contractor. 2011 WL 1676327, at *3-4. Specifically, the court determined that the Government "did not have detailed physical control over this Job Corps site," or control over "any day-to-day supervision" of how the independent contractor operated the Job Corps site. <u>Id.</u> at *3; <u>see also</u> <u>Lopez v. United States</u>, No. 15-CV-9695 (GHW), 2016 WL 7156773, at *7 (S.D.N.Y. Dec. 7, 2016) (dismissing FTCA claim for lack of subject-matter jurisdiction where "responsibility for maintaining and cleaning the area in question fell within the scope of duties delegated" to the independent contractor under the contract); <u>Narvaez v. United States</u>, No. 05-CV-2240 (SLT) (RML), 2007 WL 174141, at *6 (E.D.N.Y. Jan. 19, 2007) (dismissing claim for lack of subject-matter jurisdiction where contract between the Government and independent contractor stated that independent contractor would "'maintain project(s) in a decent, safe and sanitary condition,' including 'provid[ing] day-to-day maintenance operations[s]'") (internal citation omitted, alterations in original). The same conclusion follows here.

None of Plaintiff's arguments to the contrary have merit. First, Plaintiff argues that the Government had a non-delegable duty to maintain the sidewalk. ECF No. 32 at 4-5. Although

New York law provides that "a land owner's duty to maintain safe premises is non-delegable," Moreno, 965 F. Supp. at 526, "any state law nondelegable duty cannot, on its own, override the United States' sovereign immunity from suits for injuries caused by its independent contractors." Roditis, 122 F.3d at 111 (citations omitted); see also Moreno, 965 F. Supp. at 526 ("[C]ourts have consistently held that non-delegable duties may not be used as a means to impose liability on the Government under the FTCA.") (collecting cases); Fraser, 490 F. Supp. 2d at 312 ("[C]ourts are legion in holding that the FTCA does not waive sovereign immunity for the non-delegable duties of landowners under state law.") (collecting cases). As such, any non-delegable duty under New York law does not suffice to waive the Government's sovereign immunity and impose liability under the FTCA. See Ryan v. United States, No. 15-CV-2248 (GHW), 2015 WL 7871041, at *6 (S.D.N.Y. Dec. 3, 2015) (dismissing FTCA claim "[b]ecause the government may not be held liable for a negligent act or omission of an independent contractor, even where state law would impose such liability"); Fisko, 395 F. Supp. 2d at 66 (dismissing for lack of subject-matter jurisdiction where plaintiff "has argued that the Government is liable for non-delegable duties of landowners under New York State law" but "[the FTCA] does not waive sovereign immunity as to such claims").

Second, Plaintiff argues that the Government may be liable for the negligence of its own employees, and those employees were negligent here because the Government unreasonably delayed in providing its approval for the cost of the repairs to the sidewalk. ECF No. 32 at 2. Matz's declaration establishes that MTC notified the Government of the need for repairs to the sidewalk "[i]n or around February 2021." ECF No. 29 at ¶ 16. But MTC did not submit its bids for repairs until June 27, 2022 (id. at ¶¶ 17-18), six months after Plaintiff's accident on December 26, 2021 (ECF No. 1 at ¶ 10). The Government approved the funding requested by

MTC less than a month later, "[i]n or around July 2022." ECF No. 29 at ¶ 19. This is thus not a situation where the independent contractor timely submitted a bid for approval of the costs of repair and the Government unreasonably delayed in providing its approval.

Further, the Government's role in allocating funds for such repairs does not establish that the Government exerted day-to-day control over MTC. See, e.g., Ryan, 2015 WL 7871041, at *6 n.3 ("Although the contract provided that repairs estimated between $5,000 and $100,000 were subject to prior GSA agreement regarding price, the price approval provision does not convert [the independent contractor] . . . to an employee of the government.") (internal quotation marks and citation omitted); Johnson v. United States, No. 11-CV-1035, 2012 WL 2921542, at *4 (N.D.N.Y. July 17, 2012) ("The Contract clearly contemplates that [the independent contractor] would be responsible for the safety of the Glenmont Job Corps Center, and there is no evidence that Defendant's retaining discretion over the approval of repair estimates was intended to give Defendant control over the performance of the Contract."); see also Diaz v. U.S. Postal Serv., No. 02-CV-8892 (NRB), 2003 WL 21767530, at *2-3 (S.D.N.Y. July 31, 2003) (granting motion to dismiss for lack of subject-matter jurisdiction where "plaintiff appears to concede that [the independent contractor] was acting as an independent contractor, yet argues that [the government] may still be liable for its employees' negligent failure to . . . [notify] its contractor of said condition").

Finally, Plaintiff requests the opportunity to obtain jurisdictional discovery because, according to Plaintiff, discovery may show that a Government employee "breached a duty to Plaintiff to act with reasonable diligence in approving the expenditure of funds for repair of the sidewalk." ECF No. 32 at 5. A court may permit a plaintiff resisting a Rule 12(b)(1) motion to conduct discovery on jurisdictional facts, "at least where the facts . . . are peculiarly within the

knowledge of the opposing party." Gualandi v. Adams, 385 F.3d 236, 244 (2d Cir. 2004). "A plaintiff is not, however, entitled to jurisdictional discovery if it cannot show that the requested discovery is likely to produce the facts needed to withstand a Rule 12(b)(1) motion." Molchatsky v. United States, 778 F. Supp. 2d 421, 438 (S.D.N.Y. 2011), aff'd by, 713 F.3d 159 (2d Cir. 2013) (internal quotation marks and citations omitted). "It is well-established that a party seeking jurisdictional discovery, like a party seeking [ ] other kinds of discovery, bears the burden of showing necessity." Safonova v. United States, No. 15-CV-5580 (CBA) (PK), 2017 WL 1030708, at *3 (E.D.N.Y. Mar. 15, 2017) (internal quotation marks and citations omitted). "This rule is particularly apt where a petitioner is attempting to defeat asserted immunity because immunity is intended to shield the defendant from, among other things, the burdens of discovery." Id. (internal quotation marks and citation omitted).

Plaintiff has not met her burden here. First, Plaintiff does not identify specific materials she seeks in discovery and speculates that discovery may show negligence by a Government employee. Second, as discussed, the Government did not delay in approving the requested funding, as MTC submitted a bid on June 27, 2022, and the Government approved the request in July 2022. Lastly, MTC was responsible for maintenance of the sidewalk on the day of Plaintiff's injury. And MTC was aware of the need for repairs to the sidewalk in February 2021, ten months before Plaintiff's accident in December 2021, but did not request funding for the repairs until June 2022. To the extent MTC unreasonably delayed in submitting the funding request, Plaintiff points to no case that would render the Government liable under those circumstances, where it delegated maintenance of the property to an independent contractor. Thus, Plaintiff has not demonstrated how additional discovery will allow her to allege that an act of negligence by a Government employee caused her injury. See, e.g., Hentnik, 2003 WL

12

22928648, at *7 (granting motion to dismiss FTCA claim for lack of subject-matter jurisdiction and denying request for additional discovery where even if plaintiff were able to establish government employees were aware of the unsafe condition, "[f]ailure to take corrective action does not create liability"); see also Wesolowska v. United States, No. 11-CV-800 (JCH), 2012 WL 3728175, at *4 (D. Conn. Jan. 3, 2012) (denying request for jurisdictional discovery where "it is unlikely that any discovery regarding [plaintiff's claim] will produce the facts necessary to withstand a motion under Rule 12(b)(1)"). Thus, Plaintiff's request for jurisdictional discovery is denied.

Additionally, Plaintiff's request for leave to amend is also denied. Although leave to amend should be freely granted, "leave to amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003) (citation omitted). Given the contractual relationship between the Government and MTC, and the narrow exception to waiver of the Government's sovereign immunity for claims under the FTCA, amendment here would be futile. See, e.g., Brown, 2011 WL 1676327, at *4 n.51 (dismissing FTCA claim for lack of subject-matter jurisdiction with prejudice where the Government did not waive sovereign immunity and the independent contractor exception applied); Yesina v. United States, 911 F. Supp. 2d 217, 221-23 (E.D.N.Y. 2012) (dismissing with prejudice FTCA claim for lack of subject-matter jurisdiction under the independent contractor exception).

However, although leave to amend is not appropriate, a complaint dismissed for lack of subject-matter jurisdiction must be dismissed without prejudice. Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54-55 (2d Cir. 2016). "A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice. That is because a dismissal without prejudice, even one denying leave to amend, does not preclude another action on the same

13

claims, whereas a dismissal with prejudice is a ruling on the merits that precludes a plaintiff from relitigating—in any court, ever again—any claim encompassed by the suit[.]" Harty v. W. Point Realty, Inc., 28 F.4th 435, 445 (2d Cir. 2022) (internal quotation marks and citations omitted); see also Kaid v. Tatum, No. 20-CV-03643 (JLR), 2024 WL 639331, at *3 (S.D.N.Y. Feb. 15, 2024) (dismissing FTCA claim for lack of subject-matter jurisdiction without prejudice and denying leave to amend).

**CONCLUSION**

For the foregoing reasons, the Government's motion to dismiss is **GRANTED** and

Plaintiff's complaint is dismissed without prejudice.

The Clerk of Court is respectfully directed to enter judgment in favor of Defendant,

without prejudice, and close this case.

**SO ORDERED.**

DATED:      New York, New York
            February 19, 2026


                                            _____
                                            VALERIE FIGUEREDO
                                            United States Magistrate Judge

15